OPINION.
{¶ 1} Defendant, Ben Moez Azzouz, appeals from his conviction and sentence for OMVI, R.C. 4511.19(A)(1), and speeding, R.C. 4511.21(D)(2).
 {¶ 2} Defendant's convictions and sentence were entered upon the court's acceptance of his no contest plea, subsequent to the court's denial of Defendant's request to file objections to a magistrate's decision out of time.
 {¶ 3} The magistrate's decision had denied Defendant's motion to suppress evidence. The decision was filed on January 21, 2003. Fourteen days later, on February 4, 2003, the court adopted the magistrate's decision, neither party having filed objections.
 {¶ 4} Three days after the trial court's order was filed, on February 7, 2003, Defendant filed objections to the magistrate's decision and a motion to file his objections out of time. Defendant also requested leave to file supplemental objections.
 {¶ 5} In support of his motion to file objections out of time, Defendant averred that his attorney did not receive a copy of the magistrate's decision until February 5, 2003, more than fourteen days after the decision was filed and the day after the trial court had adopted it. The trial court denied Defendant's motion. Defendant thereafter entered a plea of no contest to the charges of which he was then convicted and was sentenced pursuant to law. This appeal followed.
 ASSIGNMENT OF ERROR {¶ 6} "The trial court committed an abuse of discretion when it refused to let appellant file objections to the magistrate's decision beyond the normal filing deadlines, and that decision denied appellant due process of law."
 {¶ 7} The City of Fairborn Prosecutor's Office, representing the State, has filed a notice stating that "it will file no brief and take no position on Defendant-Appellant's appeal." Accordingly, in determining this appeal we accept Appellant's statement of the facts and issues as correct, and will reverse the judgment if Appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 8} Upon filing of a magistrate's decision, the clerk of courts must serve copies of that decision on all parties or their attorneys. Crim.R. 19(E)(1). A party has fourteen days after a magistrate's decision is filed within which to file objections to that decision. Crim.R. 19(E)(2).
 {¶ 9} Crim.R. 45(B) which governs the enlargement of time provides, inter alia:
 {¶ 10} "When an act is required or allowed to be performed at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion permit the act to be done after expiration of the specified period, if the failure to act on time was the result of excusable neglect or would result in injustice to the defendant."
 {¶ 11} The decision whether to grant a request to permit an act to be performed after the time for performing it has expired is a matter entrusted to the trial court's sound discretion, and its decision will not be disturbed on appeal absent an abuse of that discretion. Ohio WaterDevelopment Authority v. Western Reserve Water District,149 Ohio App.3d 155, 2002-Ohio-4393. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 12} Defendant's request for leave to file objections to the magistrate's decision was filed after the fourteen day period for filing objections had expired, and after the court had adopted the magistrate's decision. A party cannot object to a decision of which he is unaware, and on this record Defendant was not aware of the magistrate's decision within the time to file objections to it. His failure to file objections within that time is clearly excusable neglect for purposes of Crim.R. 45(B). The trial court abused its discretion when it failed to permit Defendant to file objections as he had requested, per Crim.R. 45(B).
 {¶ 13} Granting the Defendant's request would have required the court to vacate its order adopting the magistrate's decision. The order operated to deny Defendant's Crim.R. 12(C)(3) pretrial motion to suppress evidence. The order was interlocutory, subject to being vacated by the court at any time before a final order is filed. Had the court's order been final, it would not be subject to being vacated by the court. In that event, unlike here, Crim.R. 45(B) relief would not be available.
 {¶ 14} The assignment of error is sustained. The trial court's order denying Defendant's motion to file objections and any supplemental objections out of time will be reversed, and the trial court's order adopting the magistrate's decision as well as Defendant's subsequent conviction and sentence that were imposed on his plea of no contest, and from which this appeal was taken, will be vacated. The case will be remanded for further proceedings on the charges against Defendant.
FAIN, P.J. and YOUNG, J. concur.